IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL RAY SCOTT,**

      **Plaintiff,**

      v.                                                                                                          CASE NO. 24-3095-JWL

**GENE WARD, Seward County Sheriff, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Seward County Jail in Liberal, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed in forma pauperis. The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate SCJ officials.

**I. Nature of the Matter before the Court**

Plaintiff's claims relate to his medical care at the SCJ. Plaintiff alleges that he advised the SCJ that he was having abdominal pain on December 26, 2022. (Doc. 1, at 6.) On December 28, 2022, Plaintiff suffered from severe abdominal pain and nausea, and was taken to the Southwest Medical Center in Liberal, Kansas. *Id*. The doctor took blood tests and EKGs. *Id*.

On February 17, 2023, Plaintiff advised officers of severe chest and stomach pain, and Nurse Angie Davis advised Plaintiff to take Benadryl every two hours as needed. *Id*. At approximately 5:30 am the next morning, Officer Francis found Plaintiff unresponsive. *Id*. Francis determined that Plaintiff was not breathing and did not have a pulse, so he proceeded to administer CPR. *Id*. Officer Herman arrived on the scene and took over administering CPR. *Id*. When EMT arrived, Nurse Davis informed them that Plaintiff had a habit of faking symptoms. *Id*. EMT

advised Davis that Plaintiff should not have been given Benadryl to alleviate severe chest and stomach pain. *Id*. EMT also stated that Plaintiff should have never been given CPR by SCJ staff due to the fact that Plaintiff had a faint pulse. *Id*. at 7. Their actions caused Plaintiff to receive fractures in his chest/rib area. *Id*.

Plaintiff alleges that tests revealed a "positive analysis" for Hepatitis-C. *Id*. Plaintiff alleges that Dr. Jabel confirmed on March 28, 2023, and September 12, 2023, that Plaintiff's ongoing symptoms—severe abdominal pain, nausea, spider veins in the ankle area, and severe skin itching—were in fact symptoms of Hep-C. *Id*.

On March 24, 2024, Plaintiff was taken to the SWMC due to severe vomiting and diarrhea, and a high fever. *Id*. SWMC staff stated that Plaintiff has profound visible scarring and an enlarged liver due to his Hepatitis-C being left untreated for over 500 days. *Id*. Plaintiff alleges that SCJ staff were notified multiple times by six doctors that Plaintiff needed to be seen by a gastric specialist to acquire genealogy information to treat the correct strain and to diagnose it properly. *Id*. at 8, 11. Plaintiff alleges that Defendants ignored health care providers recommendations for the Plaintiff to see a specialist to receive the proper medication and treatment. *Id*. at 13. Plaintiff alleges that he now has severe symptoms and is at "3/4 stage of 5 stages of liver problems." *Id*. at 9–10.

Plaintiff alleges that because he is now seeking relief, SCJ staff are now trying to say there is no medical proof in the SWMC records that Plaintiff was diagnosed with Hep-C. *Id*. at 18. Plaintiff alleges that this is despite the diagnoses by Dr. Mitchell, Dr. Mohammad, the KU Medical Center and Health Care of Wichita, Kansas. *Id*. at 19–20. Plaintiff alleges that SCJ staff are now trying to "change or hide" the doctors' diagnoses and recommendations. *Id*. at 20.

Plaintiff alleges that the withholding of Plaintiff's necessary medical treatment constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Id*. at 10. Plaintiff names Seward County Sheriff Gene Ward and SCJ Facility Nurse Angie Davis as defendants. Plaintiff seeks compensatory and punitive damages and unspecified injunctive relief. *Id*. at 5.

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S.

Ct. at 1974).

**III. DISCUSSION**

"[D]eliberate indifference to a pretrial detainee's serious medical needs includes both an objective and a subjective component." *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020) (finding that although a pretrial detainee's claim is based on the Fourteenth Amendment, the same standard for Eighth Amendment claims applies). To establish the objective component, "the alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension." *Id*. at 989–90 (citations omitted).

A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. at 990 (citation omitted). The "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (citation omitted). "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

A plaintiff must also satisfy the subjective prong. The Supreme Court has insisted upon actual knowledge: "the official must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*." *Farmer*

*v. Brennan*, 511 U.S. 825, 837 (1994) (emphasis added).  An apparent disagreement over course of treatment, however, does not rise to the level of a constitutional violation. *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010).  "A plaintiff 'need not show that a prison official acted or failed to act believing that harm actually would befall an inmate,' but rather that the official 'merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist.'"  *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1137 (10th Cir. 2023) (quoting *Farmer*, 511 U.S. at 842, 843 n.8).

The Tenth Circuit recently clarified that "it is possible to have some medical care and still state a claim under the gatekeeper theory." *Id*. at 1139.  "The inquiry under a gatekeeper theory is not whether the prison official provided *some* care but rather whether they fulfilled their sole obligation to refer or otherwise afford access to medical personnel capable of evaluating a patient's treatment needs when such an obligation arises." *Id*. (citations omitted).  Under the deliberate indifference analysis, "merely doing *something* (with no reference to the underlying condition) does not necessarily insulate one from liability." *Id*.  "Instead, a court may need to determine whether there was the functional equivalent of a complete denial of care in light of the specific circumstances." *Id*. (citations omitted).

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate SCJ officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).  Accordingly, the Court orders the appropriate SCJ officials to prepare and file a *Martinez* Report.  Once the Report has been received, the Court can properly screen Plaintiff's Complaint under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED BY THE COURT** that SCJ officials shall submit the *Martinez* Report by **August 5, 2024**.  Upon the filing of that Report, the Court will screen

Plaintiff's claims. If Plaintiff's Complaint survives screening, the Court will order service on Defendants.

**IT IS FURTHER ORDERED** that:

Officials responsible for the operation of the SCJ are directed to undertake a review of the subject matter of the Complaint:

    a.    To ascertain the facts and circumstances;

    b.    To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

    c.    To determine whether other like complaints, whether pending in this Court or elsewhere, are related to the Complaint and should be considered together.

(1)    Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. If the SCJ officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s). The SCJ officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

(2)    Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(3)    Authorization is granted to the officials of the SCJ to interview all witnesses having knowledge of the facts, including Plaintiff.

(4)     No motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(5)     Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Complaint.  This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the Seward County Sheriff as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein.

Copies of this order shall be transmitted to Plaintiff, to the Seward County Sheriff, and to the District Attorney for Seward County, Kansas.

**IT IS SO ORDERED**.

**Dated July 1, 2024, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**