IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL RAY SCOTT,

      **Plaintiff,**

      v.                                       CASE NO. 24-3095-JWL

GENE WARD, Seward County
Sheriff, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Seward County Jail in Liberal, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff's claims relate to his medical care at the SCJ. Plaintiff alleges that the withholding of Plaintiff's necessary medical treatment constitutes cruel and unusual punishment in violation of the Eighth Amendment.

On July 1, 2024, the Court entered a Memorandum and Order (Doc. 4) ("M&O") finding that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate SCJ officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court ordered SCJ officials to prepare and file a *Martinez* Report. The M&O provides that "[o]nce the Report has been received, the Court can properly screen Plaintiff's Complaint under 28 U.S.C. § 1915A." (Doc. 4, at 6.)

The Court's M&O also provides that "[n]o motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared." *Id*. at 8. Despite this order, Plaintiff has filed several motions.

1

Plaintiff has filed a "Motion for Summary Judgment, Motion to Claim Individual Capacity Claims" (Doc. 8.) In the motion, Plaintiff sets forth what he is "pleading" in this case. Any request for judgment in this case is premature. Plaintiff's claims have not survived screening, and the defendants have not been served. To the extent Plaintiff seeks any relief in the motion, it is denied.

Plaintiff has also filed a motion for injunctive relief (Doc. 10). Plaintiff again states that he is "plead[ing] his complaint" and "plead[ing] to seek any and all damages, relief[], claims to which he is entitled by law." (Doc. 10, at 2.) Plaintiff states that he is moving "to proceed," and he is seeking injunctive relief "including but not limited to costs of current and future medical care needs." *Id*. at 8. He also mentions resolving life threatening events, and enhanced training. *Id*. at 9. Plaintiff's motion basically argues the merits of his claims. The Court denies any request for injunctive relief at this stage of the proceedings.

Plaintiff has also filed a "Statement of Substantial Interests" (Doc. 11), which appears to set forth Plaintiff's medical requests and grievances submitted at the SCJ, and the responses to those grievances. Plaintiff states that the document is a "complete statement of all [of his] substantial interests and other matters required by law." (Doc. 11, at 9.)

Lastly, Plaintiff has filed a "Motion to Bring Forth Claim Subrogation Rights" (Doc. 12.) He argues that he "demands the rights to subrogation" and "set off all funds [e]ntitled under law." *Id*. at 2. Plaintiff then mentions a "bond" and a "surety," and states that he has traced his ancestry to heaven, and God "is [his] commander-in-chief." *Id*. The motion appears to be frivolous and is therefore denied.

Plaintiff should refrain from filing any motions until the Court has reviewed the *Martinez* Report. The Report is not due until September 5, 2024.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motions (Docs. 8, 10, and 12) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff should refrain from filing any motions until the Court has reviewed the *Martinez* Report.

**IT IS SO ORDERED**.

**Dated August 20, 2024, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**