IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL RAY SCOTT,**

      **Plaintiff,**

      v.                                            CASE NO. 24-3095-JWL

**GENE WARD, Seward County
Sheriff, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Seward County Jail in Liberal, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed in forma pauperis. This matter is before the Court on the motion to join (Doc. 14) filed by Christopher Tahchawwickah.

Plaintiff's claims relate to his medical care at the SCJ, including issues regarding abdominal pain in 2022, CPR administered in 2023 after Plaintiff experienced chest and stomach pain and became unresponsive, and treatment for Hepatitis C. Mr. Tahchawwickah seeks to join this case, arguing that he also has claims regarding his medical care at the SCJ. However, Mr. Tahchawwickah's allegations relate to his mental health medication, dental issues, and detention officers passing out medication. (Doc. 14, at 1–2.) His medical claims differ from Plaintiff's.

Even if the claims were sufficiently similar, the claims in this case have not passed screening. The Court has ordered a *Martinez* Report to assist with screening. The Court's Memorandum and Order provides that "[o]nce the report has been received, the Court can properly screen Plaintiff's Complaint under 28 U.S.C. § 1915A." (Doc. 4, at 6.) The Memorandum and

1

Order further provides that "[n]o motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared." *Id*. at 8.  Therefore, any request for joinder is premature until the Complaint has been screened following submission of the Report.

Furthermore, courts have found permissive joinder of plaintiffs not feasible in prisoner litigation.  Plaintiffs must comply with Rule 20(a)(1) regarding permissible joinder of plaintiffs. *Etier v. Soptic*, 2022 WL 1202395, at *3 (D. Kan. 2022).  "In the context of prisoner litigation specifically, district courts also have found that the impracticalities inherent in multiple-plaintiff lawsuits militate against permissive joinder otherwise allowed by Rule 20(a)(1)." *Id.* (citations omitted); *see also Bray v. Oklahoma Cty. Jail Auth.*, 2022 WL 1097094, at *1 (W.D. Okla. 2022) (finding joinder infeasible, noting that the PLRA requires each plaintiff to pay the entire filing fee, one inmate may not legally represent another, and "prison movements and regulations could, at any time, restrict interpersonal communication between the Plaintiffs").

Mr. Tahchawwickah has a case pending in this Court.  *See Tahchawwickah v. Fenn*, Case No. 24-3145 (D. Kan.).  In that case, Mr. Tahchawwickah submitted a notice of change of address (Doc. 4) noting that as of August 22, 2024, he is now housed at the El Dorado Correctional Facility in El Dorado, Kansas, and is no longer in custody at the SCJ.

This Court has previously decided that prisoner plaintiffs may not undermine the statutory fee obligation by joining in the filing of a single action and that each prisoner plaintiff must file a separate action and pay the full district court filing fee.  *See Holder v. Kansas*, No. 07-3059-SAC, 2008 WL 199821, at *1 (D. Kan. Jan. 23, 2008) (citing *see e.g.*, *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001) (each prisoner must proceed in a separate action and be responsible for payment of the full district court filing fee) and *Pinson v. Whetsel*, No. CIV-06-1372-F, 2007 WL 428191 (W.D. Okl. Feb. 1, 2007) (discussing difficulties if joinder of prisoner plaintiffs permitted)); *see*

Case 5:24-cv-03095-JWL   Document 15   Filed 09/05/24   Page 3 of 3

*also Davidson v. Thompson*, Case No. 18-3084-SAC, 2019 WL 1317465, at *2 (D. Kan. March 22, 2019) ("This Court has previously decided that prisoner plaintiffs may not undermine this statutory obligation by joining in the filing of a single action and that each prisoner plaintiff must file a separate action and pay the full district court filing fee.") (citations omitted).

**IT IS THEREFORE ORDERED BY THE COURT** that the motion to join (Doc. 14) filed by Christopher Tahchawwickah is **denied.**

**IT IS SO ORDERED**.

Dated September 5, 2024, in Kansas City, Kansas.

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**