IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

MICHAEL RAY SCOTT,          )
         )
         Plaintiff,      )
         )
v.           )        Case No.: 5:24-cv-03095
GENE WARD, and      )
ANGIE DAVIS,        )
         Defendants.    )

## *MARTINEZ* REPORT

Pursuant to the Courts orders of July 1, 2024 (Doc. 4) and July 30, 2024 (Doc. 7), the Seward County Sheriff's Department provides the court with this report concerning the allegations of Plaintiff's complaints that, while incarcerated at the Seward County Jail, jail officials have failed to provide him proper medical care and demonstrated deliberate indifference to his health.

## INTRODUCTION

As the court is aware, Plaintiff filed his *pro se* civil rights compliant pursuant to 42 U.S.C. § 1983. He is in custody at the Seward County Jail ("SCJ") in Liberal, Kansas. Plaintiff's Complaint (Doc. 1) alleges that he has been subjected to deliberate indifference to his medical needs, cruel and unusual punishment, and violation of Due Process under the Fourteenth Amendment. To assist in the initial screening of the Complaint pursuant to 28 U.S.C. §1915A(a), the Court ordered officials from the SCJ to produce a report under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) to address the issue of whether Plaintiff received adequate medical care, and whether the SCJ fulfilled their obligation to afford access to medical personnel capable of evaluating Plaintiff's medical needs. (Doc. 4). The SCJ was directed to review the subject matter of the Complaint and:

a.     Ascertain the facts and circumstances;

b.     To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

c.      To determine whether other complaints, whether pending it this Court or elsewhere are related to the Complaint and should be considered together.

Sheriff Gene Ward addresses each issue as follows:

**A.      Facts and Circumstances Underlying Plaintiff's Allegations**

1.      On December 21, 2022, Mr. Scott was arrested on December 21, 2022, as the result of a warrant issued by the Seward County Attorney, and booked into SCJ.  This was not Mr. Scott's first incarceration at the SCJ, having been previously booked into the SCJ on November 18, 2018, September 24, 2016, April 3, 2016, August 13, 2014 and January 26, 2014.

2.      Mr. Scott received a medical screening and assessment each time he was booked into the SCJ.  As part of the medical screening, Mr. Scott was asked if he had hepatitis to which he responded in the negative, including his December 21, 2022 booking.  (**Exhibit A**, filed under seal).

3.      The specific facts and circumstances surrounding Mr. Scott's medical care and treatment while incarcerated have been investigated.  Mr. Scott has received substantial and ongoing treatment for his medical complaints.  He has been seen by medical staff on numerous occasions.

- After booking into jail, he was seen by medical staff who noted that Mr. Scott was coming down from illegal drug usage, specifically that he had been "doing meth since he was 14 years old" and complained of lower abdominal pain. Because of his complaints of abdominal pain, on December 28, 2022, SCJ transported Mr. Scott to Southwest Medical Center (SWMC). A CT scan was performed, showing a normal appendix and normal gall bladder. The scan noted a fatty liver, but no acute abnormality. Mr. Scott was referred to a general practitioner as needed. (**Exhibit B,** filed under seal).

- Mr. Scott complained of chest pain and difficulty breathing on February 18, 2023, and SCJ again transported him to SWMC for evaluation. Upon discharge from SWMC, it was noted that his cardiac workup was negative, his pain syndrome was likely musculoskeletal rather than acid reflux. It was recommended that he follow up with a cardiologist and to follow up with a gastroenterologist or hepatologist for treatment and monitoring. When Mr. Scott was seen at SWMC on February 18, 2023, it was first noted that he had Hepatitis-C, but there were no diagnostic testing to confirm this. **(Exhibit C, filed under seal**).

- After being seen in the emergency room at SWMC, Mr. Scott submitted a medical request complaining of positive Hep-C, and was seen by jail physician, Dr. Jabel on March 28, 2023. Dr. Jabel noted Mr. Scott was Hep-C positive, and his recommendations for treatment were to continue with the current medication. (**Exhibit D, filed under seal**).

- Mr. Scott submitted a medical request with complaints of right flank pain and to recheck his Hep-C status on September 7, 2023 and saw Dr. Jabel on September 12, 2023. Dr. Jabel's treatment instructions did not include any recommendation or referral for further diagnostic testing or consultation with any specialists related to his positive Hep-C status. Dr. Jabel directed that he continue with his current medication and follow-up in 1-2 months. (**Exhibit E, filed under seal**).

- Mr. Scott submitted a medical request on November 13, 2023, asking if he should still be on the same medications. He was seen on November 21, 2023 by Dr. Heidi Riley[1] for follow-up medical evaluation. Dr. Riley's treatment instructions did not include any recommendation or referral for further diagnostic testing or

---

[1] Please note that Dr. Jabel passed away and Dr. Riley assumed his duties.

consultation with any specialists related to his positive Hep-C status and she directed that Mr. Scott continue with his current medication and follow-up in 1-2 months. (**Exhibit F, filed under seal**).

- On March 24, 2024, SCJ took Mr. Scott to SWMC due to his complaints of flank pain and swelling of his feet as well as complaints of nausea, vomiting and diarrhea. SWMC noted that Mr. Scott has a history of hepatitis C that has not been treated yet because of his incarceration. None of the medical providers at SWMC, including the consulting surgeon, related Mr. Scott's medical complaints to hepatitis C. A CT scan of his abdomen/pelvis was performed and he was kept for observation to make sure the pain was viral and to rule out a bowel obstruction and ischemic bowel disease. Mr. Scott was discharged on March 26, 2024, with a diagnosis of viral gastroenteritis and it was recommended that he take Imodium for frequent diarrhea. (**Exhibit G, filed under seal**).

- Mr. Scott again reported severe pain and diarrhea on April 29, 2024, and alleged that he had "scarring on his liver that had spread considerably." SCJ medical staff placed him on the list to see Dr. Riley. (**Exhibit H**).

- On May 14, 2024, Mr. Scott saw Dr. Riley stating that his symptoms were due to Hep-C and that his life was in jeopardy. Dr. Riley did not agree with Mr. Scott's proffered diagnosis and did not make any recommendation for testing or treatment of Mr. Scott's hepatitis-C. Dr. Riley's orders were to maintain his current medication, and prescribed medication for diarrhea. (**Exhibit I, filed under seal**).

- Mr. Scott sent several follow-up medical requests to SCJ medical personnel on May 14, 15 and 21 complaining of diarrhea. On May 21, 2024, SCJ nurse Davis noted

that Mr. Scott had not taken any of the medication Dr. Riley prescribed for diarrhea. (**Exhibits J, K, L**).

- On May 22, 2024, Mr. Scott complained generally that his pain is very constant and he has a strong pulsing and can't sit up. Dr. Riley prescribed naproxen for his pain. (**Exhibit M**).

- On May 28, 2024, Mr. Scott again complained of ongoing pain and said his liver was shutting down. Nurse Davis added him to the list to see Dr. Riley. (**Exhibit N).**

- On May 30, 2024, Mr. Scott sent a medical request that ibuprofen was not helping and his pain was constant and severe. Nurse Davis responded, reminding him that Dr. Riley had prescribed naproxen for his pain and that taking too many NASIDS could cause diarrhea. (**Exhibit O**).

- Mr. Scott was seen by Dr. Riley on June 4, 2024 in follow-up to his complaint of pain. Dr. Riley did not make any recommendation for testing or treatment of Mr. Scott's hepatitis-C. Dr. Riley's orders were to maintain his current medication. (**Exhibit P, filed under seal**).

4.      Dr. Heidi Riley, SCJ contract physician, has been seeing Mr. Scott since 2023, and has reviewed the medical records from SWMC and Dr. Jabel. Mr. Scott does not require life saving treatment for his hepatitis-C diagnosis. The recommendations from SWMC to see a gastroenterologist were for future follow-up and not mandatory medical treatment. There are no medical records supporting Mr. Scott opinion that untreated hepatitis-C is causing any ongoing medical problems. Other than it being mentioned as a condition during his hospitalization the SWMC records in no way state that hepatitis-C was the cause of Mr. Scott's complaints of pain, nausea and diarrhea. No medical provider directed SCJ to provide Mr. Scott specialized treatment.

(An Affidavit from Dr. Heidi Riley will be submitted to the Court, but was not executed at the time of filing).

5.     At best, Mr. Scott's complaints to the Court appear to be based on his personal disagreement with the health care he has received. Mr. Scott was clearly afforded access to medical personnel capable of evaluating his treatment needs and SCJ followed the recommendations of those medical personnel, including multiple emergency room visits.  There are no records that SCJ failed to follow the recommendations of medical personnel or denied Mr. Scott access to medical treatment. (**Exhibit R**, SCJ's complete file of Mr. Scott's medical requests).

**B.     Whether any action can and should be taken by the institution.**

The SCJ contracts with medical experts to provide medical treatment to inmates. While the Sheriff's Department cannot speak to the specifics of Plaintiff's alleged medical condition or treatment, jail staff have communicated Plaintiff's concerns to medical staff and have transported him to the hospital on multiple occasions. Plaintiff's complaints that his medical needs are not being addressed is completely unfounded.

At this time, SCJ submits that there is no additional action that should be taken to resolve this matter.  Mr. Scott has received quality medical care and SCJ has followed the recommendation of medical personnel.  Mr. Scott's disagreement with the course of treatment does not demonstrate deliberate indifference to a serious medical need.

**C.     Other Like Complaints.**

There have been no other similar complaints related to Mr. Scott's Complaint.

Respectfully Submitted,

Gene Ward, Seward County Sheriff

## **VERIFICATION**

STATE OF KANSAS )
)ss
COUNTY OF SEWARD )

I, GENE WARD, of lawful age, being duly sworn upon my oath, depose and state:

I am the duly elected Sheriff of Seward County, Kansas and am responsible for operation of the Seward County Jail. All of the statements contained herein are true and correct.

GENE WARD

Now on this 5th day of September, 2024, came on before me GENE WARD, who is personally known to me to be the same person who executed the foregoing report, and acknowledged the execution of the same.

GIVEN under my hand and notarial seal this ___5___ day of __September__, 2024.

Notary Public

My Commission Expires:

NOTARY PUBLIC - STATE OF KANSAS
**MAGALY LOPEZ**
My Commission Expires 10/17/27

MAGALY LOPEZ

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 5th day of September, 2024, I mailed the foregoing document

and the notice of electronic filing by first-class mal to the following non-CM/ECF participants:

Michael Ray Scott
Seward County Jail
501 N. Washington
Liberal, Kansas 67901
*Pro-se Plaintiff*

/s/ *Michelle R. Stewart*
Michelle R. Stewart, #19260
HINKLE LAW FIRM LLC
8711 Penrose Lane, Suite 400
Lenexa, Kansas 66219-8197
913-345-9205/ FAX: 913-345-4832
mstewart@hinklaw.com
ATTORNEYS FOR SEWARD COUNTY
SHERIFF GENE WARD