IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL RAY SCOTT,

      **Plaintiff,**

      v.                                    CASE NO. 24-3095-JWL

**GENE WARD**, Seward County
Sheriff, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Seward County Jail in Liberal, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed in forma pauperis. On July 1, 2024, the Court entered a Memorandum and Order (Doc. 4) ("M&O") finding that the proper processing of Plaintiff's Eighth Amendment claims could not be achieved without additional information, and directing SCJ officials to submit a *Martinez* Report. The *Martinez* Report (Docs. 16, 18, and 20) (the "Report") was filed, and on October 18, 2024, the Court entered a Memorandum and Order (Doc. 24) ("M&O II") granting Plaintiff an opportunity to respond to the Report and to show good cause why his claims should not be dismissed. This matter is before the Court on Plaintiff's response (Docs. 26, 28).

Plaintiff's claims are set forth in detail in the Court's M&O II. In summary, Plaintiff's claims relate to his medical care at the SCJ and the alleged failure to properly treat his hepatitis-C. Plaintiff alleges that the withholding of Plaintiff's necessary medical treatment constitutes cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff names Seward County Sheriff Gene Ward and SCJ Facility Nurse Angie Davis as defendants. Plaintiff seeks compensatory and punitive damages and unspecified injunctive relief.

1

Although Plaintiff does not specify what injunctive relief he is seeking, the Court finds that any request for injunctive relief is moot because Plaintiff is no longer housed at the SCJ. Plaintiff was transferred to the El Dorado Correctional Facility in El Dorado, Kansas.

The findings in the Report are set forth in detail in the M&O II. In summary, the Report acknowledges that Plaintiff was diagnosed with hepatitis-C, but states that there were no recommendations to see a specialist or for further testing regarding Plaintiff's hep-C, and orders were for Plaintiff to continue with his current medication.

In his response, Plaintiff disputes the allegations in the Report. Plaintiff alleges that blood tests done in October 2024 confirm his allegations and are "the total opposite of Dr. Riley's Report." (Doc. 28, at 2.) Plaintiff maintains that at his emergency room visit on December 23, 2022, Dr. Mitchell gave his expert opinion that Plaintiff's symptoms and liver inflammation were due to hep-C. *Id*. at 3. Plaintiff claims that these findings were backed by Dr. Mohammad. *Id*. Plaintiff also claims that Dr. Barron's expert opinion was that Plaintiff's hep-C was so advanced now that it was causing fibrosis and cirrhosis. *Id*. at 4. Plaintiff also asserts that although he was ordered to continue with his current medications, he was not allowed to take the medication due to the SCJ's policy prohibiting narcotic medications. *Id*. at 6, 11.

The *Martinez* report developed as a means "to ascertain whether there is a factual as well as a legal basis for [a] prisoner's claims." *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). The report "is treated like an affidavit, and the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence." *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (citation omitted). The Court "cannot resolve material disputed factual issues by accepting the report's factual findings when they are in conflict with pleadings or affidavits." *Id*. at 1109. "Furthermore, '[a] bona fide factual dispute exists even when

the plaintiff's factual allegations that are in conflict with the *Martinez* Report are less specific or well-documented than those contained in the report.'" *Bellamy v. Kansas*, 2024 WL 3718065, at n.5 (10th Cir. Aug. 8, 2024) (unpublished) (quoting *Hall*, 935 F.2d at 1109).

The Court is unable to resolve the factual disputes at this stage of the proceedings and finds that this case survives screening under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's claims survive the Court's screening under 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that the Clerk is directed to prepare summonses pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure to be served upon Defendants by the U.S. Marshals at no cost to Plaintiff.

**IT IS SO ORDERED**.

**Dated November 26, 2024, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**