IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL RAY SCOTT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GENE WARD, and ) <br> ANGIE DAVIS, ) <br> ) <br> Defendants. ) <br> _____) | Case No. 24-3095-JWB-GEB |

**ORDER**

This matter comes before the Court on Plaintiff's Motion to Move Forward with Case Under Formal Scheduling Under Fed. R. Civ. P. 26(f) and 16(b) ("Motion") **(ECF No. 55)**. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

Plaintiff, incarcerated at Lansing Correctional Facility, filed this matter pursuant to 42 U.S.C. § 1983. He raises claims regarding his medical care while in custody at the Seward County Jail (ECF No. 1). Plaintiff's Motion for Leave to Proceed In Forma Pauperis was granted (ECF No. 3). After the entry of a *Martinez* Report (ECF No. 16) and response to an Order to Show Cause (ECF No. 28), Plaintiff's claims survived screening (ECF No. 29). Defendants Gene Ward (ECF No. 41) and Angie Davis (ECF No. 52) filed motions to dismiss which at least in part argue the defendant is protected by qualified immunity and dismissal is warranted. Plaintiff has filed his response to both motions. Defendant Ward's motion is ripe for decision and Defendant Davis's motion will be ripe shortly.

1

With the two pending motions to dismiss, both of which raise qualified immunity, the Court wrote to the parties on March 6, 2025 regarding deferral of scheduling. The letter indicated formal scheduling would be postponed unless the parties agree as a whole to move the case forward and further indicated if the Court had not heard from the parties by March 21, 2025, it would assume there was no opposition to suspending scheduling. Plaintiff filed his Motion on March 20, 2025.

"The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court."[1]

> It has long been the general policy in the District of Kansas not to stay discovery merely because a dispositive motion has been filed. However, there are four recognized exceptions to this policy. That is, a discovery stay may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.[2]

Generally, defendants are entitled to have questions of immunity determined before being required to engage in "the burdens of such pretrial matters as discovery."[3] "[B]ecause qualified immunity protects against the burdens of discovery as well as trial, a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity."[4]

---

[1] *Cetin v. Kansas City Kansas Cmty. Coll.*, No. 23-2219-KHV, 2023 WL 8188599, at *1 (D. Kan. Nov. 27, 2023) (citing *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963)).
[2] *Arnold v. City of Olathe, Kansas*, No. 18-2703-CM, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019), *objections overruled,* No. 18-2703-CM, 2019 WL 2435725 (D. Kan. June 11, 2019).
[3] *Id.* (quoting *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001).
[4] *Id.* (quoting *Stonecipher v. Valles*, 759 F.3d 1134, 1148 (10th Cir. 2014)).

The deferral of scheduling and stay of discovery is appropriate due for the following reasons: 1) the likelihood the pending motions to dismiss will dispose of Plaintiff's claims; 2) Plaintiff's Motion sets forth no need for discovery to respond to the pending motions to dismiss, in fact he has responded to both motions to dismiss, therefore, any discovery sought and received by moving forward with scheduling would not affect the resolution of the dispositive motions; and 3) because Defendants' raise the issue of qualified immunity in their motions.

Therefore, **IT IS ORDERED** Plaintiff's Motion to Move Forward with Case Under Formal Scheduling Under Fed. R. Civ. P. 26(f) and 16(b) **(ECF No. 55)** is **DENIED**. The Court will convene the parties for a status conference pursuant to Fed. R. Civ. P. 16(b) to set deadlines in this matter, if necessary.

**IT IS SO OREDERED.**

Dated March 24, 2025.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge
