IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL RAY SCOTT,

        Plaintiff,

v.                                                               Case No. 24-3095-JWB

GENE WARD, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion to amend (Doc. 59) and Defendants' motions to dismiss (Docs. 41, 52). The motions have been fully briefed and are ripe for decision. (Docs. 42, 46, 50, 51, 53, 54, 63, 64, 65.) Plaintiff's motion to amend is GRANTED and the motions to dismiss are DENIED WITHOUT PREJUDICE for the reasons stated herein.

Plaintiff brings this pro se civil rights action against Sheriff Gene Ward and Angie Davis pursuant to 42 U.S.C. § 1983 for deliberate indifference to medical needs while he was in custody at the Seward County Jail in Liberal, Kansas. According to the complaint, Defendants failed to properly treat Plaintiff's hepatitis-C for more than one year. (Doc. 1.) Judge Lungstrum ordered the jail to file a Martinez Report regarding the factual allegations. (Doc. 4.) After the report was filed, Judge Lungstrum issued a show cause order requiring Plaintiff to respond to the Martinez report and show that the delay in medical treatment caused him significant harm. (Doc. 24 at 7.) Plaintiff filed a response in which he contested the statements in the Martinez report and maintained that physicians at the hospital where he received treatment opined that Plaintiff's symptoms and related health conditions were the result of his advanced hepatitis-C that was not treated while he was confined at the jail. (Doc. 28.) On November 26, 2024, Judge Lungstrum

1

screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and allowed it to proceed after finding that there were factual disputes. (Doc. 29.) The matter was then transferred to the undersigned.

Both Defendants filed motions to dismiss citing to alleged deficiencies in Plaintiff's complaint. Plaintiff, however, included additional factual allegations in response to Judge Lungstrum's order that disputed facts included in the Martinez Report and provided additional allegations regarding his conditions and statements by other medical providers. (Doc. 28.) Plaintiff now seeks to amend his complaint to add these facts and others. (Docs. 59, 60.) Defendants oppose the motion to amend on the basis that it is fails to comply with Rule 8, it is untimely, and futile in light of the pending motions to dismiss. The court disagrees. Plaintiff's proposed amended complaint (Doc. 60) is thirty-five pages long and has separately numbered paragraphs. It clearly identifies each Defendant and the allegations against them. While some allegations are repetitive and conclusory, the court finds that the proposed amended complaint complies with Rule 8. With respect to timeliness, the motion was filed within a few weeks of Defendant Davis's motion to dismiss and discovery has been stayed pending the ruling on the dispositive motions. Therefore, Plaintiff has not unduly delayed amending his complaint. With respect to futility, Defendants point to the pending motions to dismiss. However, Plaintiff's proposed amended complaint adds factual allegations regarding his claims that are not fully addressed by the parties in the motions to dismiss. Thus, the pending motions do not render the amendment futile.

This case is in its initial stages and Plaintiff is proceeding pro se. There are also factual disputes which were previously identified by Judge Lungstrum which have been incorporated into the proposed amended complaint. The court is to "give leave to amend freely, especially when the

plaintiff is proceeding pro se." *Panicker v. State Dep't of Agric.*, 498 F. App'x 755, 757 (10th Cir. 2012). Further, this court cannot rely on the Martinez Report when Plaintiff has disputed certain facts therein. *See, e.g., McAdams v. Wyo. Dep't of Corr.*, 561 F. App'x 718, 720 (10th Cir. 2014) (citations omitted). Given these considerations, the court finds that Plaintiff's motion to amend should be granted. (Doc. 59.) The clerk is directed to file Doc. 60 as the amended complaint.

As a result of this ruling, Defendants' motions to dismiss (Docs. 41, 52) are denied as moot. The remaining motions pending in this matter (Docs. 31, 34, 38, 49) are also denied. Plaintiff's motion for order (Doc. 31) and motion to file objection (Doc. 38) appear to be Plaintiff's attempt to include certain statements in the record and the motions do not seek any particular relief from the court. Plaintiff's motion for summary judgment (Doc. 34) is denied as premature and for failure to comply with Federal Rule of Civil Procedure 56. Plaintiff's motion for default judgment (Doc. 49) is denied as Defendants' time to file a responsive pleading was extended for good cause. (Doc. 37, 43.) To the extent Plaintiff's motion can be construed as appealing the rulings by Magistrate Judge Birzer, the motion is denied as Plaintiff has not shown the rulings to be erroneous. IT IS SO ORDERED. Dated this 21st day of August, 2025.

    s/ John W. Broomes  
    JOHN W. BROOMES  
    UNITED STATES DISTRICT JUDGE