IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Plaintiff, Pro-se
Michael Ray Scott "78080"
L.C.F.
P.O. Box 2
Lansing, KS 66043                    Case No: 24-CV-3095-JWB-BEB

v.

Defendants
1) Gene Ward, et, al  Seward County sheriff
2) Angie Davis, Seward County Staff Nurse
3) Seward County; Liberal, Kansas
   501 N. Washington
   Liberal  KS, 67901
   Individual capacities, offical capacities,
   punative Damages, Compensatory Damages, Bodily
   Injury, Damages

April 24, 2025

MOTION To Bring Forth, Plaintiff First Amended
complaint; adding one Defendent, Exhibit new
evidence

Plaintiff, Michael Ray Scott "78080" In personam,
for First Amended complaint against; Defendants,
Gene Ward, Seward County Sheriff; Angie Davis,
Seward County Staff Nurse; Seward County,
Liberal Kansas

## <u>Jurisdiction</u> And Venue:

This Court has jurisdiction over this action under 28 U.S.C. § 1331; 1343(a)(3). The matters herein Controversy arise under 42 U.S.C. Section 1983. Plaintiffs declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202; K.S.A. 44-508; Model Penal code § 210.0; U.C.C. § 1-201.

Venue properly lies to this in The District pursuant to 28 U.S.C.A. Section 1391 (b)(2) because the events giving rise to this action occurred at Seward County Detention Center (SCJ) in Seward County, Liberal Kansas; which is located, IN Personam under the Tenth Circuit.

## <u>Parties:</u>

Plaintiff, Michael Ray Scott "78080" At time of the events relevant hereto; Plaintiff was incarcerated under;

(1) Defendant; Seward County, Liberal Kansas

(2) Defendant; Gene Ward, sheriff who at all times relevant was assigned To Seward County Detention Center "SCJ" and acting sheriff of Seward County.

(3) Defendant; Angie Davis, was at all times relevant hereto; Staff Nurse, employed or retained under Seward County; To provide Medical Services at Seward County Detention Center, Liberal Kansas

## Previous Lawsuits by Plaintiff

Plaintiffs, 24-cv-3095-JWB-GEB; formal complaint being fact the lawsuit dealing with facts of the Formal Complaint, those fact being involved in this action other than this Amended complaint claim which herein name/appoint Defendant, Seward County, Liberal Kansas also Exhibit new Evidence.

## Exhaustion of Administrative Remedy:

Plaintiff, established available remedy that were available under those Policies, rules, guidelines, procedure under [Gene Ward] administrative system. Those under [Seward County]

Plaintiff, clearly followed under Medical requests, Staff requests, Grievance and Grievance Appeal procedures, verbal staff Statements, verbal Medical Statements.

Plaintiff under Fedreal rules, state rules, fully exhausted any all remedy. Under Defendants "Seward County", "Gene Ward", "Angie Davis", under those administrative policies, Rules, procedure, guidelines of herein Seward County Detention Center, Seward County Liberal, Kansas.
(see: facts # 6, 8, 7, 14, 19-26)

1) At all relevant times herein; SEWARD COUNTY, Liberal Ks, GENE WARD, Seward County Sheriff, ANGIE DAVIS, Seward County staff Nurse; Defendants were "persons" for purpose of Section 1983 and acted under color of law to deprive plaintiff MICHAEL RAY SCOTT 78080 of his constitutional rights as set forth more fully below.

2) Section 1983 states: Every person who under color of any statute, ordinance, regulation, custom, or usage of any state or Territory or the District of Columbia, subjects, or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

3) This action arises under and is brought pursuant to 42 U.S.C. Section 1983, To Remedy the deprivations, under color of state law of Rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343 (a)[3]; Plaintiffs declaratory; K.S.A. 44-508, model Penal Code § 210.0 28 U.S.C. Section 2201, 2202; U.C.C. § 1-201

4) Plaintiff STANDING names [GENE WARD] Seward County sheriff, [ANGIE DAVIS] "SCJ" Staff Nurse, Due to Facts of being "acting" personally involved!

A) Defendants did fact personally participate in the wrongs, [Here in under Defendant "Seward county"]

(B) Defendants positively knew the wrong but did not stop or fix the wrongs Lacking Remedy

(C) GENE WARD, Sheriff, Failed to oversee the people who caused the wrongs, such as by hiring unqualified people or failing to adequately train his staff, ANGIE DAVIS

(D) As noted on opening page of [GENE WARDS] [Seward County] Detention Centers Handbook stateing GENE WARDS created, policy, rules, guidelines, procedure facts noted Gene Ward appoint/name hisself responsible for all needs, care, confinement of detainee's at "SCJ". Here in under Defendant [Seward county]


5) Plaintiff pleads [GENE WARD] sheriff "acting" Seward County Kansas, Liberal Kansas, This means that this Defendant being Sued Facts is someone who was acting under State's authority. Facts Both Gene Ward, [ANGIE DAVIS] "acting" under color of State law, Because the Sheriff carries, displays the "badge of authority" from the KS, State, Thus "under color of State law" Can be loosely interpreted To mean "as a acting Representative of the State. Here in under Defendant [Seward County]

6) Plaintiff pleads Gene Ward sheriff being that state offical, Sued in His Individual Capacities (Doc 8 formal complaint) Facts were "persons" within the meaning of §1983 and that facts the [Eleventh Amendment] did not bar such Suits. State officers were not absolutely immune from "offical" nature of their Acts. .. (See 4 above)(See Facts # 18, 26, 30, 31)

7) Plaintiff; pleads, holding that plaintiff has facts created a Sufficient due process claim under the Fourteenth Amendment when it was medicaly proven (Doc 34 formal complaint) that the "derivations" of Plaintiffs Eighth, Fourteenth, Right, was foresecable facts Such that pre-deprivations Safeguards could have prevented the harms plaintiff facts Suffers due to Defendants lack of Remedy. (See facts # 18-22, 29-34)(#39-43)

## Statement Of Facts

1) 6/11/2024 complaint filed by Plaintiff, Michael Ray Scott (formal complaint) Doc 1

2) 6/11/2024 Motion for Leave to Proceed in forma pauperis is granted. (formal complaint) Doc 3

3) 7/01/2024 Memorandum And Order entered: SCJ officals shall submit the Martinez Report by Aug 5, 2024. (formal complaint) Doc 4

4) 8/12/2024 motion to claim Individual Capacity Claims by plaintiff (formal complaint) Doc 8

5) 8/12/2024 motion of Substanial Interests, (formal complaint) Doc 11

6) 9/05/2024 Martinez Report (formal complaint) Doc 16-20

7) 10-18/2024 order to show good cause (formal complaint) Doc 24

8) 11/26/2024 Plaintiffs claims survive screening under 28 U.S.C. § 1915A, clerk is directed to prepare summons pursuant to Rule 4(c)(3), Summons Issued as to Defendants. (formal complaint) Doc 29

9) 11/26/2024 Plaintiffs motion to File Brief: Dr. Wade (formal complaint) Doc 31

10) 12/11/2024 Plaintiffs motion and supplemental motions for Summary Judgements (formal complaint) Doc 34

11) Defendants Motions for extensions of Time see Doc 6, Doc 36, Doc 40 which by law adhors default; Doc 43, Doc 47, Doc 48, Doc 7 (formal complaint)

12) Plaintiffs Motion to file objection, motion to File Plea for default Judgement 2/6/2025 (Doc 49)(formal complaint)

13) Plaintiffs motion to First Request For Production of Documents. March 21, 2025

14) 3/25/25 The court convene parties to a status conference pursuant to Fed. R. Civ. P. 16(b) to set deadlines. Doc 56 (formal complaint)

[Amended evedence]

15) On the day of 12-26-22, Plaintiff advised Staff, and medical staff ANGIE DAVIS of severe abdominal pains,

16) On the day of 12-28-22, Plaintiff again advised staff, and medical staff of severe abdominal pains, nausea after attending E.R. Doctor monitored plaintiff, took blood samples and e.k.g's. Plaintiff was returned to "SCJ" via, "SCJ" staff officer.

17) On the evening of 2/17/23, Plaintiff again advised "SCJ" staff, officer Francis advised staff Sargent on duty and conntacted "SCJ" medical Staff Angie Davis at home. Angie Davis stated to Staff to administer Benadryl every two Hours. (emphasis) This advise was done over phone. Defendant Davis did not come to "SCJ" to evaluate plaintiff

At approximately 5:30 a.m. "SCJ" staff officer Francis found Plaintiff unresponsive, Francis stated he could find no pulse and wasn't breathing making a sound as if air way was blocked.

Officer Francis alerted staff and proceeded to administer C.P.R. Francis traded off with "SCJ" officer Herman during this time lapse roughly 15 min.

Upon arriving Liberal Fire & Rescue E.M.T.'s took over. The attending E.M.T. was advised By "SCJ" Staff Nurse Angie Davis, That Plaintiff had history of faking symptoms. Angie Davis also advised E.M.T. That the night before She advised the "SCJ" Staff too administer Benadryl every two hours.

The E.M.T.'s evaluated Plaintiff advising "SCJ" Staff that Plaintiffs breathing and fast pulse was altered due to taking Benadryl every two hours. E.M.T.'s also advised that Plaintiff now suffered a cracked sternum and right ribs. further stating there was no faking due to Syptmos. (see facts: 6, 40-43)

18) Plaintiffs as these Exhibit those Medical Request: as of: 12-26-22 - 12-22-22, 12-17-23, 2-17-23, 3-28-23, 4-29-24, 5-14-24 5-21-24, 5-22-24, 5-28-24, Show the pattern and thus noted documenting the pain & Sufferring and ongoing esculating Symptoms. here In under all Defendants

Plaintiff as these Exhibit those Inmate requests 12-22-22, 12-26-22, 2-17-23, 3-28-23, 5-24-24, 4-29-24 5-25-24, 5-30-24, Herein Under Defendant Seward County all Defendants

Plaintiffs as these Exhibit those Grievances Submitted 4-25-24, 5-24-24, 5-26-24, 5-28-24 Grievance submitted 6-4-24 answered by "SCJ" Staff L.T. Hernadez that Plaintiff clearly has no record or documantation of having Hep c from SWMC or "SCJ". completed at 3:05pm. Here in Under All Defendants.

19) Plaintiffs E.R. Visit dated 02/18/23 - 02/20/23
plaintiff Suffering server abdominable pains, Server
diarrhea, nause, vomitting, fever, ichyness. ,
(See fact, 17, 40-43)
Upon Visit Doctors took blood test, Stool Samples,
e.k.g., M.R.I's, CatScans, Sonograms,

Plaintiffs medical I.d. Tag MR XX m000161921,
V00033159732, room-Bed 458-1 med.com
Dr. Rizwan Muhammad, diagnosis acute
Hepatitus C was primary cause of symptoms.

This diagnosis confirmed by Dr. Mitchell
Stating the server abdominable pains caused
by noted the Plaintiffs liver inflammations
Causing the escalating conditions to the
abnormal body functions caused due to
untreated Hep C. Virus. (See Fact! 17, 40-43)

Plaintiffs pleads this medical I.d. Tags no only
contains the informations but also the meds
administered during this E.R. Hospital Stay
for the Symtoms noted above. noted meds for
pains.

Plaintiff further pleads Gene Wards "scj"
Staff had officers posted 24 hours a day
during this event, who one was present
at all times during these tests, M.R.I's,
CatScans, Sonograms etc. At All Hospital, E.R. stays

Those "scj" Staff noted record of these
events and relayed them to Gene Ward
Sheriff Head of Administration.

Plaintiffs medical exhibits, medical, staff requests

19) 05/14/24 at 3:52 p.m. Plaintiff submitted in med request stating: AS Follows by Plaintiff:

:I did and all I'm (plaintiff) trying to say, is that Mrs. Riley in visit today 05/14/24 at "SCJ" at 1:20 p.m. did state that all the symptoms that I am currently advising her (ms. Riley) as she (ms. Riley) also stated in visit; as you (Angie Davis) was present and heard going to go pull my medical records sonograms, M.R.I's, and said blood work and as she (ms. Riley) clearly, stated the symptoms yes that I (plaintiff) advised; she (ms. Riley) working on, but they (symptoms) are she also stated due to my hepc and liver counts and issues and needs addressed, I'm (emphasis) (plaintiff) just scared as I (plaintiff) stated to ms. Riley can now over this time tell the difference in myself (plaintiff) okay, sorry for confusing you (angie). And ms. Riley stated she would follow up next tue. Right.

5/14/24 at 3:54 p.m. Angie Davis aswered and completed this request by stating: We (angie Davis) (ms. Riley) do not disclose medical information to administration. It is a violation of your Hippa

20) 05/15/24 at 4:00 pm Plaintiff in medical request states: I am giving the administration permission to access all my medical records, So I can recieve my doctor recommended treatments, Please and Thank you.

05/16/24 at 10:02 a.m. Angie Davis completed and answered this request by stating: This is plaintiffs attorney would have to handle, plaintiffs attorney (slash) it was administrations duty.

21) 3-24-24 "SCJ" Staff Sargent Took photos of plaintiffs blackish in color ankles. And again Nurse Angie Davis over phone. Sargent Harp and "SCJ" Staff then took plaintiff again to SWMC E.R. symptoms Server abdominable pains, black tar like stool, vomitting, fever, itchyness, nause. (Sargent Harp)

22) 3-26-24 "SCJ" Staff officer Kaelan Martinez was on duty, placed on watch of plaintiff at SWMC.    3-24-24 - 3-26-24 visit

Ms. Martinez facts occupanied plaintiff to a Sonogram at SWMC. The certified SWMC Staff Tech clearly explained Too. Martinez and plaintiff the untreated Hep C has now profound Scarring and an enlarged liver. Since the Sonogram of the E.R. visit of 2-18-23 - 2-20-23.

23) Ms. Riley stated to plaintiff on the 5-14-24 facility visit Her hands were tied due to facts Seward County Detention Center clearly failing to comply.

24) June 4, 2024: Angie Davis Stating the symptoms that the "SCJ" and Southwest Medical Center, have been fact doctoring and going off was the diagnosis of the plaintiff on his medical symptoms.

25) Plaintiff directs Honorary Judges eyes to Scope the responces of all "SCJ" staff stateing no documentation of plaintiff having Hep C. The Date 6-4-24. above and in Complaints. (See facts #18, 25). 24, Plaintiff pleads there is a obvious significance of the Day 6/4/23: obvious hidden or Special influences.

26) Plaintiff pleads stating that "SCJ" officals whose Job was to review and respond to inmates "GENE WARD"/"ANGIE DAVIS" medical needs could and should be liable for failing to do The duties when events gave notice of Plaintiffs medical needs. Here in Under Defendant Seward County.

Furthermore Plaintiff articulates The Seward County Detention Center 90% of the time has a population of one hundread inmates! or less

This be stated through all the events dates, times, placement of staff at SWMC, costs, obvious degenertion of Plaintiffs well being.

27) Plaintiff pleads those noted conflicts of interests under Advanced Practice Registered Nurse Riley, Clearly at (Doc 18-7, at 23 formal complaint) Stating there is Coarsened increased echotexture throughout Liver Suggesting Fatty infiltration NO focal lesions are Seen. ((See Fact 22 above) (facts # 40-42)

28) Plaintiff pleas that the noted as 10/10/24 by Dr. Barron Surgeon of SWMC. (emphasis) whom Plaintiff was ordered to see from Ms Riley Due to her concerns of Plaintiffs liver counts, (Due to the "SCI" New staff Nurse, E. Ferando whom quit when chad provdarse hung himself. for (see provodarse v. Ward) in Oct.

29) Plaintiff pleas as those expert diagnosis evidence of Dr. Barrons recommendations on dates 10/10/24 and again after colonostomy of date 10/16/24 diagnosis that Hepatitus C untreated was fact causing injury, Plaintiff Suffers liver damages and advanced liver fibrosis that are Significant for appropriate cause for Plaintiff to be recommended and ordered to a Specialist.

30) Due to the noted urgency on 10/16/24 Dr. Barron prepared a Special visit Summary for the "SCI" administration explanning the damage and Seriousness facts of the issues, fibrosis, liver cirrhosis

31.) Plaintiff pleads that from the noted events, reports, staff, reports, logs, Gene Ward Sheriff head "Supra" Angie Davis "Sgt" Staff Nurse fact they all without question were fully aware "Still Knows of the Dangers but facts they freely, compentantly chose to disregard an excessive Medical diagnosised risks To Plaintiff. (see facts #30, 18) all facts

32.) 11/26/24, As Dr. Wade diagnosis "material" Plaintiff now at high risks of Esophageal Varices, which can result in ternal Bleeding, Servere cirrhosis, which is a life-long Handicap being an advanced stage of liver Failure which prevents the Liver from filtering harmful toxins in Blood. Plaintiff now also suffers Serious Mental Health distress needs. Trauma caused P.T.S.D., Anxiety all which will have profound long-term effects. (see facts 29, 99, 40-42)

33.) 11/26/24, As Dr. Wade diagnosis Intentional deprivations facts allowed Plaintiff to sustain dangerous stages of Hepatitis C. Which is Labeled as a Serious medical condition that attack being a live Virus alter the proper functioning of the Plaintiffs Liver which now profound; found characterized by scarring which prevents the liver from properly filtering toxins in the Blood which presents Servere risks of Serious harm, Death, degenerations. (see facts 29, 22, 19, 40-42)

34.) Plaintiff pleads as noted 3/28/23 Dr. Tabel started plaintiff on a pill for acid reflex, pill for blood pressure, a pill to coat stomach lining and an ~~itch~~ itch cream. Tabel facts told Davis the seriousness about getting plaintiff to a proper specialist. That these meds only to try to comfort some "SCJ" stating Plaintiff order to continue meds. Of course as noted by Dr. Tabel above.

35.) Plaintiff pleads that Gene Ward, Angie Davis fact discriminated "deliberate indifference" "gross neligence" against Plaintiff on the basis under Inadequate Medical Care and other Health risks. When Dr. Tabel, Dr. Mitchell, Dr. Mohammad Dec. 28, 2022 diagnosised Plaintiffs Symptoms: inflamming liver, Servere abdominal pains, Nausea, episode's of black tar like stool, Servere dirahera, Servere itchy skin, Spider veins, mental distress fact symptoms of untread Hep. C. (see facts 29, 30~32 40-42) Herein under Defendant [Seward County]

36.) plaintiff pleads as the results plaintiff since 12-28-22 fact doctor noted experienced pain and suffering, servere emotional distress due to the seriousness as Dr. Wade diagnosis one symptom associated with servere cirhosis is esophageal Varices, which is swollen or ruptured veins near the esophagus and upper gastrointestinal tract can result in internal bleeding out.

37) Plaintiff directs Honorary Judge to reflect fact # 34 to articulate the facts Dr. Jabel knew the future events of plaintiff,

38) Plaintiff pleads 11/26/24 Dr. Wade's facts boldly establish the objective component that the obvious negligent failure to provide adequate Medical care. As noted by Dr. Wade as a result of Delay "gatekeeper",

39) Plaintiff directs Honorary Judge to reflect (fact # 27) of Ms. Riley To:

11/26/24, 10/10/24, 10/16/24. The Drs Barron, Dr. Wade : the Forms, lab results, liver Fibrosis Counts, (emphasis) The obvious liver Fibrosis Scarring of plaintiff's liver noted (see: fact 22) so server that Plaintiff's liver fact was over produce fatty lesions apperance of liver, Dr. Wade Stated any Dr. Should have recognized the obvious Serious Medical needs,

40) plaintiff pleads 10/18/24 Memorandum And order (formal complain) under Section labeaked II (citing Exhibit c filed February 18, 2023) (Doc 16, 2-5 formal complaint)

The Report states that it was first noted that Plaintiff had Hepatitis-c when plaintiff was seen at sumc on Feb. 18, 2023, but there were no diagnostic tests to Confirm it.

Id. at 3 (citing Exhibit c, filed under Seal) as follows:

The records from the Feb. 18, 2023 visit clearly states: Follow up with gastroenterologist or hepatologist for proper treatments and Monitoring of Plaintiffs Hepatitis-C.

41) Plaintiff pleads (citing Exhibit c, filed under Seal): (citing Exhibit D, filed under Seal)

Clearly establish the active involvement of the Defendants, and those under contract with "SCJ" altering or boldly violating noted Dr's Orders, recommendations for the plaintiff to follow up with gastroenterologist or hepatologist, Thus herein again facts violating Plaintiffs Eighth, Fourteenth Amendments rights.

42) Plaintiff pleads: Defendants clearly noted further go as far to State:

Additional follow-ups with Dr. Jabel and Nurse Riley did not include any recommendations to see a specialist or any further testing regarding Plaintiffs Hepatitis-C. (Id at 3-5 formal Complaint noted above)

43) Plaintiff pleas noted as seen in Defendants actions clearly applying neglect to comply to the facts noted numerous medical diagnosed mandating treatment orders, recommendations Constitute again the " deprivations" of remarkable Constitutional dimensions. (see facts # 30, 40-42)

44) Plaintiff pleads the actions of Defendant Davis by law again violates under FRCP 4(e) and K.S.A. 60-304 (a)(b) The law clearly abhors the Default. (see formal complaint Doc 40, 48)

45) Plaintiff pleads the actions of Defendant Davis clearly violates Rule 4(c)(3)(f) Davis fact was given over 60 days within Judicial district of the United States,

46) Plaintiff pleads due to actions Rule 4(c)(3)(2)(a)(b) needs enforced. Here in all Defendants.

47) Plaintiff pleads defendants actions need the Courts Authority applied. (see formal complaint Docs 40, 48)

48) Plaintiff pleads, If the waiver is signed and returned you can Still make these and all other defenses and objections, but you cannot object to the absence of a summons or the service " inadvertently"

49) plaintiff pleads The U.S. Constitution requires officals to provide all State and Federal prisoners and pre-trial detainees (people in County Jail) with adequate medical care. It is Just that the public be required to care for the prisoner who cannot by reason of deprivation of his liberty care for self,

## Count ONE: Right to Adequate Medical Care:

50) Plaintiff pleads, The Eighth Amendment of the Consitution protects, Plaintiff from "cruel and unusual punishments.

51) The U.S. Supreme Court has decided that failing to provide medical care to plaintiff violates this Amendment. In 1976, the Court explained in Estelle v. Gamble that "deliberate indifference" purposely ignoring the "serious medical needs" of Detainees, amounts to "cruel and unusual punishment" forbidden by The Eighth Amendment.

52) plaintiff pleads The Second Circuit defined a serious medical need as "a condition of urgency, one that may produce death, degenerations, or extreme pains.

53) Brown v. Johnson, 387 F.3d 1344, 1350-52 (11th cir 2004) holding hepatitis c were serious needs. (See Fact # 19, #22, #25, #29, #30, #32, 33)

54) Plaintiff plea's comply with The Objective Component "Sufficiently serious" plaintiff suffers injury (see Fact #22, 27-39, 40-42) as the noted by Doctors results of failing to receive medical treatments and Defendants were deliberately indiffrent To Plaintiffs " Serious medical needs".

55) Plaintiff plea's, Plaintiffs "Serious medical needs" as it that facts (see facts # 27-39) been double, triple diagnosed by multiple Doctors as Mandating treatments.

56) Plaintiff pleads; The plaintiffs physician's diagnosed "Serious" condition of urgency (see Facts # 29-33) that which is noted as actively to date producing liver degenerations, extreme pains. Facts ~~sup~~ surpass's, meets the factors including:

(1) Whether a reasonable doctor or patient would perceive the medical need in question as important and worthy of comment of Treatments.

(2) Whether the medical condition significantly affects daily activities.

(3) Whether "chronic and substantial pain exists.

Plaintiffs section 1983, clearly meets and fullfills all Exhaustion of (Prison Litigation Reform Act) but also all Administrative Remedies.

57) plaintiff state's the defendants, Gene Ward, Angie Davis, actions to be deliberately indifferent, and not Just exercising differences of professional opinion as follows. (see facts #40-42) Here in under [Defendant Seward County.]

(A) Defendants Ignoring Obvious Conditions: The Plaintiff can meet the subjective standard by facts proves that Defendants (see Facts # 29,30,40,43) Should have been clearly informed by Dr. Barron's visit Summary to the Administration of "SCJ" concerns for plaintiffs symptoms the Serious and Substantial risk to his health because of test, Scans, procedure's, The Obvious notice of high risks (injury, disease, physical condition etc. Also due to costs, E.R. visits, events of 2/18/23, placing "SCJ" staff on watch at SWMC,

(B) Defendants Failure To Provide Treatment for Diagnosed Conditions!

Plaintiff pleads; To meet this subjective standard is plaintiffs facts, proof that Doctor's diagnosed plaintiff with a serious medical condition and ordered, recommended, to see a gastroenterologist, or hepatologist for proper treatments and fact monitoring of Plaintiffs Hepatitis-C. (See: Facts #19, 20, 22, 29, 30, 32-34, 35, 39-43) See: Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S. Ct. 285, 291, 50 L. Ed. 2d. 251, 260-61 (1976)

(C) Plaintiff pleads Defendants Delay in diagnosed Treatments. "SCJ" Administrations should not of herein at any time "nor decide what medical treatments the plaintiff would recieve based on factors, like their own lack of staff, The "SCJ" bugetary restrictions, because they want to punish plaintiff, (gate keeper)

In "systemic deficiencies in staffing, facilites, or procedures, policies as noted "Gene words created" wich make unnecessary suffering inevitable, support a findings of "deliberate indifferences".

(D) Plaintiff pleads both the objective and subjective tests of "deliberate indifferences" are clearly passed. Farmer v. Brennan. (see facts 19, 22, 29, 30-34 40-42)

58) Plaintiff pleads as noted by Doctors starting in 12-23-22 - 2-18-23 (see facts # 16-19) Those Doctor "informed" Medical Judgements or decisions, diagnosis,

59) The diagnostic test of identifying a disease "plaintiffs Acute Hepatitis C" from it's signs or symptoms (see facts # 16-19, 22, 28-34, 39-43)

60) Plaintiff pleads holding that "intentionally" (see facts # 39-43) interfering with the treatment once prescribed boldy constitute's Plaintiff the Section §1983 @ 8th, 14th Amendments claim.

## COUNT TWO: Violation of constitutional Rights; And Bodily Injury claim

61) Plaintiff alleges; Hepatitis, C virus ("HCV) causes hepatitis c. In 2007 there were an estimated 17,000 new hepatitis c virus infections in the United States, and there were about 3.2 million chronically or permanently infected persons. (see Div of viral Hepatitis C U.S. Health & Human Services) Hep-C is not a new disease. (see; § 210.0 model penal code)

62) Plaintiff pleads; "HCV" is fact labeled "Serious Medical condition" fact that bing a live virus that attack the proper functioning of the liver.

63.) Plaintiff pleads when left untreated "HCV" will cause cirrhosis, an advanced stage of liver Malfunction characterized by scarring which prevents the liver from properly filtering toxins in the blood and which "materials" presents servere Risks of, death, Harm, degeneration, changes in Mental state. (see Facts # 8, 9, 18, 19, 22, 29, 30-34, 40-43)

64) plaintiff pleads: The fourteenth Amendment does facts protect Plaintiff from Defendants discriminatory treatment on the fact shown of Plaintiff having an infectious disease. (See Facts # 8, 9, 18, 19, 22, 29, 30-34, 40-43) Plaintiffs initial requirements clearly profoundly meet, (see: Model Penal Code § 210.0)

65.) Plaintiff pleads: By facts (see facts # 8, 9, 18, 19, 22, 29, 30-34, 40-43) Stating That The "Doctor" diagnosed the materials, conditions, Symptoms, signs, tests, fact, prescribed treatments, Orders, Recommendations, Those noted conflicts of Defence, Delays, (Gatekeeper)
Facts daily is endangering plaintiffs life by clearly (see facts # 22, 29, 30-34, 40-43) failing to treat plaintiffs disease the medicaly noted progress of the "HCV".
see § 210.0)

66.) Plaintiff pleads: Holding herein plaintiff has made a sufficient due process claim under the fourteenth Amendment when it was proven that the deprivation of his Rights was fore seeable such that pre-deprivation Safeguards could have prevented the harm, injury suffered. (See Facts 8, 9, 18, 19, 22, 29-34, 40-43)

(67) Plaintiff pleads: K.S.A. 44-508:

f)(1) Personal injury and injury means any lesion, or change in the physical structure of the body, Causing damages, or harm. there herein to Personal injury or injury may occur only by accident repetitive trauma or occupational disease as those terms are defined. (See facts # 17, 18-43)

(g) Prevailing, as it relates to the term "factor" means the primary factor in relation to any other factors, In determing what Constitutes the prevailing factors in a given case. (see facts # 17-43)

(68) Plaintiff pleads: The inquiry is not wheather "HCV" Hepatitis-c, is a objectively serious medical condition, it is;

(a) The inquiry is the Defendants clearly noted Failure to "Remedy" provisions of Plaintiffs diagnosised, ordered, Recommended needs was facts herein itself "Sufficiently Serious." (See facts # 29-34, 38-43)

(b) The noted facts Defendants Delays, negliget of treatment was fact not a bad diagnosis or there was Not erroneous calculus of the Risks. (see Facts #18-22, 32-34, 40-42)

(c) Plaintiff prays: This Doctor diagnosis Medical needs inquiry must be tailored to the Specific circumstances of this case. To creat and allow future Case's alike Remedy,

69) Plaintiff prays to Honorary Judges, courts This Serious medical needs requirements facts surpass's, contemplates a condition of urgency, one that without question produce life-long handicapp's, liver degenerations, noted daily extreme pains, emotional distress needs, P.T.S.D. (see fact #32) (See facts # 29-43) substantial harm, permanent loss.

## COUNT THREE: "Indirect" Municipal Liability

70) Plaintiff pleads: Deliberate indifference to pre-trial detainees (plaintiffs time awaiting trial at "SCJ" 12-21-22- 10-24-25.) This Serious medical needs (see fact #29-43) includes both the objective and the noted subjective components.

71) Plaintiff pleads: The facts that established the objective components "GENE WARD" "ANGIE DAVIS" Those fact noted deprivations fact pass "sufficiently serious" to facts constitute a deprivations of Constitutional Dimensions. (See facts # 8, 11, 15-43) under Herein [Defendant Seward County]

72) Plaintiff pleads: This situation where the ordered, diagnosised fact delayed Knowingly By Defendants (see facts # 17-19, 22, 30-43) they also was facts denied altogether. Plaintiff proves suffered "Substantial harm. Mata v. Saiz, 427 F 3d 745, 751 (10th 2005)

73) Plaintiff pleads: Plaintiff clearly under this Section §1983 provide's the "ground" of Plaintiffs "entitlements to reliefs, Remedy thus factual allegations boldly raise the profound rights to Remedies that claims to relief is "plausible." (see Twombly, 550 U.S. at 555)

74) Plaintiff pleads: overall, Plaintiff clearly established what [GENE WARD][ANGIE DAVIS] Plausible [pro-se PLAINTIFF] when Those appointed Defendants; How badly, those deprivations, plausibly harmed the Plaintiff and the noted specific legal rights Plaintiff provides what those Defendants Violated. (see facts 19,22, 29-43) [Herein Under Defendant Seward County]
30

75) These Acts represent the patterns of noted events demonstrating intentional retaliations, depravations "deliberate indifferences" against Plaintiff by Defendants [GENE WARD Sheriff Seward County.][ANGIE DAVIS] Seward County Staff Nurse for this civil action and have caused plaintiff further Mental anguish as well as the noted life-long handicapps. (see facts #30, 19,22, 29-43) [Herein Under Defendant Seward County]

(A) The Supervisor "Gene Ward" fact is considered to be "personally" involved in the Constitutional Violation and facts Plaintiff pleads as Follows:
1) The Supervisor "Gene Ward" "after failed to Remedy wrongs.
2) Gene Wards" created policies, guidelines violated Plaintiff's rights
3) Gene Wards " grossly negligent" To his staff violating rights.

COUNT FOUR: Municiple or Local Governments Liability:

76) Plaintiff pleads: The municipality; Seward County, Liberal Kansas, can fact be held liable under Section 1983. Plaintiff can clearly show Courts, the violation of plaintiff constitutional eight, fourteenth Rights as follows:

77) The Plaintiff pleads "SCJ" Gene Wards, policy, rules, procedures, guidelines, caused the violations unto plaintiffs constitutional violations "acting" Seward County municipality, "acting" final policy maker". [Herein under Defendant Seward County]

78) Plaintiff pleads "acting" sheriff Gene Ward; Seward County Dentention Center. Acting Director of, Head of Administrations, facts as noted upon first page of, Sheriff Gene Wards, created policy, rules, procedures, guidelines clearly states The detainees of the Seward County Dentention Center are the responsibility of sheriff Gene Wards policy, rules, procedures, guidelines created to ensure that the needs, Basic, medical will be meet. No detainee will be denied proper medical treatment. [Here in under Defendants Seward County]

79) Plaintiff pleads; clearly, we see the "Cause" of the constitutional violations; (See; facts # 5, 8, 9, 14, 18, 19, 30, 40-43)(57, 67, 70-75) [Herein under all Defendants]

80) Plaintiff pleads; Seward county Detention Center clearly refused to get the ordered, prescribed, recommended treatments (see: facts # 5, 6-9, 16-22, 30, 40-43) Defendants, clearly under the municipality, demonstrate that facts through it's "deliberate" conducts, The Seward County Detention Center, Seward County Sheriff "gene ward" Seward County Staff Nurse Angie Davis those named legislative body, or authorized decision makers, intentionally fact deprived; Plaintiff, of the federally protected Constitutional Rights and those actions itself boldy violated Federal laws. [Herein under Defendant Seward county]

81) Plaintiff pleads; Seward County, Seward County Staff Nurse "Angie Davis" as the facts noted (see: facts # 8, 9, 17-19, 21-26, 28-43) failed to follow professional medical orders, recommendation, diagnosis, These formulate, that those failures; are fact medically unacceptable, in light of the Serious circumstances. Fact those noted Seward County, choices freely chose this course in obvious conscious disregard of (the Doctors noted by over two) of the obvious excessive risks to plaintiffs health, Wellbeing, medical needs. [Herein under Seward County]

83) Plaintiff pleads; noted facts boldy prove that the diagnosis medical condition "untreated Hepatitis" is "sufficiently serious" enough, to be labealed dangerous, (See facts # 5, 8, 9, 18, 19, 21, 22, 29-43) Fact Serious Danger To plaintiffs health, safety, wellbeing, not only Serious Risks as noted Seward County knew the obvious Risks. Still disregarded,

# Count Five: Failure To Administer Adequate Medical Remedy.

A) Defendants, [Seward County][Gene Ward][Angie Davis,] exercised deliberate indifference to plaintiffs, health by failing to provide adequate medical care to plaintiff following the diagnosis, recommendations, orders, of over five doctors, (See facts # 7, 8, 19, 18, 22, 28-30, 40-43)

B) Defendants intentionally did not administer proper procedure for following Doctors orders (see facts # 40-43, 58, 59, 30,). Defendants actions caused serious harm.

C) Defendants clearly refused, failed to remedy any attempts of Requests for follow-up care ordered (see facts # 18, 19, 17, 40-43)

D) Defendants clearly mocked plaintiff in front of outside care providers as well as "SCJ" Staff and inmates. (See facts # 17, 18, 24,). Defendants and "SCJ" Staff stating plaintiff and cellmates applied (Hotsauce) To bloody stool, Davis stating was hotsauce, SWMC stated fresh blood is pink in color in gastrointestinal varcies.
Defendant Davis, Sargent Hall, Ms. Riley visit 5/14/23 stated SWMC Sonogram Tech needed to keep mouth shut. (See fact # 22)

E) As a noted, result of the Defendants deliberate indifference to plaintiffs condition, noted 12-23-22 through date 4-12-25; Plaintiff suffered further pain, escalating conditions to serious medical needs causing servere abnormal body functions constituting Acute Hepatitus-C labeled serious medical virus. (see facts # 19, 18, 17, 20-24, 27-36, 40-43, 51-58, 62-65,)
In addition, plaintiff was noted unable to sleep due to pains, tearing of the skin, servar P.T.S.D. emotional distress, faimly emotional stress.

F) Plaintiff, has facts clearly demonstrated that all defendants acted with deliberate indifference to pre-scribed medical needs (see: Jett v. Penner, 439 F. 3d 1091, 1096 (9th Cir 2006) (see: facts # 19, 18, 17, 20-43)

G) Plaintiff, pleads to honorary Judges, Courts that no matter which parties statements, allegations, incompleteness. The bold signifying "factor" being "acting" Rule of damages which "uniqueness" of this "cause" not only provides proof for difference between "right" and "wrong" proves the "inquiry" full of documented facts as full as the circumstances of this Section § 1983, situation will permitt. This bold signifying "factor" being that which is medical certifying; As stated; below

H) Plaintiff pleas the "factor" being; "Diagnosis" This "factor" being the medical term, meaning the discovery of the source of the plaintiffs illness and facts the determination of the nature of plaintiffs disease (Hepititus-c) from the study of its symptoms. (see facts: 6, 8, 9, 16-19, 21-24, 28-34, 40-42)

(1) These "factors" can not in any form or way be "faked" "inadvertently" overlooked or not commonly sources a normal person could fake.

(2) Defendants clearly, responsibility chose to disregard the pre-scribed, ordered, recommended treatment options.

(3) Those "factors" being the act of recognizing the as clearly noted presence of disease (Hepititus-c) from its symptoms, and deciding as to its character also determination of type or condition.

(4) Those "factors" being "clinical diagnosis" facts being made from symptoms, tests, Plaintiff clearly suffered under all defendants incompleteness, responsibilities, circumstances that the defendants actions produced.

# Count Six: Reasonable man Doctrine & Standard of Care:

AA) Plaintiff pleads: Standing to Sue Doctrine.

BB) Plaintiff pleads; herein, under law of negligence, that degree of care which a resonably prudent person should exercise under same or similar circumstances.

CC) Plaintiff pleads; The noted Defendants conducts, actions, decisions, failed below standards that legaly produced Defendants, liable in damages for Remedy Due to plaintiffs injury and damages resulting from Defendants Conducts. (See fact# 15-19, 28-33, 40-43, 54-57, 63-67)

DD) Plaintiff pleads: noted in medical, legal, etc. malpractice cases a standard of care is applied to measure the competence of the professional.

EE): Plaintiff pleads: The named Defendants herein this § Section 1983, without a doubt clearly "Concurrent negligence" where plaintiffs bodily injury is proximately caused by the concurrent wrongful acts or omissions of the noted three appointed Defendants "persons" acted, acting independently. (see facts # 15-19, 30, 40-43, 56, 57, 67, 75, D, G, H,)

FF) Plaintiff pleads; herein, Defendants produced wilful, wanton or reckless negligence according to the taste as to the word used. is That Those "persons" fact intentionally done an act of unreasonable character. (see facts # 3, 6, 8, 14, 15-19, 30, 40-43, 56, 57, 67, D, G, H, CC, EE)

66) Plaintiff pleads: herein, Defendants those named "persons" noted indifferences to present legal duty and to utter forgetfulness of legal obligations so far as other persons may be affected, Seward County system here in facts produced "Hazardous negligence" Those careless and or reckless conduct fact exposed Plaintiff to "Medical diagnosis" facts, materials, produced very great Risks and documented facts life altering injury or to "imminent peril".
(See: facts # 15-19, 30, 40-43, 56, 57, 67, D, G, H)

HH) Plaintiff pleads: herein, Defendants under "Active negligence" As all inadvertant "acts" those noted causing injury to Plaintiff, resulting from failure to exercise ordinary care.

II) Plaintiff pleads; herein, Defendants under the noted positive acts and is omission of Due Care and affirmative actions by "persons" Defendants in total control or the noted indifferences conducted to plaintiff under Defendants clear negligence occurring in the obvious connections with activities conducted on the premises of "Seward County"
(See facts # 3, 6, 8, 14, 15-19, 30, 40-43, 56, 57, 67, D, G, H)

# Prayer For Relief:

84) Plaintiff; respectfully requests an order declaring that the Defendants have acted in violations of The United States Constitution.

## Estimated Remedy:

85) Plaintiff, requests # 1,000,000,000 compensatory Damages

86) Plaintiff, requests # 500,000 Punitive Damages

87) Plaintiff, requests # 300,000 individual Capacity Damages

88) Plaintiff, requests # 500,000 official capacity Damages

89) Plaintiff, requests # 1,000,000,000 Bodily injury Damages.

WHEREFORE, Michael Ray Scott "78080" prays for Judgement in his favor and Damages in his favor against all Defendants; in the amounts sufficient to compensate Plaintiff. under Cause's of action Handicapping, Degenerations of Liver, Body functions, extreme pains, Sufferings, Mental P.T.S.D., Anxiety, permanent sufferings. Due to Deliberate indifferences, Intentional misconducts of Defendants: But in no event less than # 500,000, together with Plaintiff's Attorney Fee's and any and all additional Reliefs Courts deems Just, proper.
Signed this day of April 24, 2025     Michael Ray Scott 78080
I Declare under penalty of perjury, Foregoing, True.   Michael Ray Scott 78080
Correct.     Pro-se Plaintiff

April 24, 2025 .     L.C.F.
       Date        P.O. Box 2
            Lansing Kansas 66043