**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

MICHAEL RAY SCOTT,

               Plaintiff,

vs.

               Case No. 5:24-cv-03095

GENE WARD and ANGIE DAVIS,

               Defendant.

**DEFENDANT ANGIE DAVIS'
MEMORANDUM IN SUPPORT OF RENEWED MOTION TO DISMISS**

**TABLE OF CONTENTS**

**I.**     INTRODUCTION ........................................................................................... 2

**II.**    STATEMENT OF FACTS ............................................................................. 3

**III.**   ARGUMENTS AND AUTHORITIES ............................................................ 5

       **A.**    Standard of Review................................................................................ 5

       **B.**    Plaintiff fails to show Deliberate Indifference to any Right or Medical Need. ...... 6

       **C.**    Defendant Davis is Protected by Qualified Immunity. ........................................... 9

**IV.**   CONCLUSION.............................................................................................. 10

Defendant Angie Davis submits this Memorandum in Support of her Renewed Motion to Dismiss Plaintiff's Amended Complaint.

## I.    INTRODUCTION

Plaintiff's Amended Complaint is simply a regurgitation of his original complaint and merely restates his basic argument multiple times. Each attempt fails and Defendant Davis must be dismissed.

As stated in her original motion, this is an alleged failure to provide medical care case brought by Plaintiff pursuant to 42 U.S.C. § 1983[1]. Plaintiff also attempts to claim negligence against Nurse Davis. On December 21, 2022, Plaintiff was arrested as a result of a warrant issued by the Seward County Attorney. (ECF 1, Complaint, p. 6). Following Plaintiff's arrest and booking into the County Jail, Plaintiff alleged that Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. Specifically, Plaintiff alleges that co-defendant Seward County Jail's Facility Nurse Angie Davis's acts were wrongful in following the medical advice and orders of multiple doctors who had seen Plaintiff in the time that he was incarcerated at the Jail. Plaintiff's Amended Complaint should be dismissed because it fails to state a claim upon which relief can be granted.[2] There was simply no failure to provide medical care as all care provided by Nurse Davis was pursuant to one of many medical doctor's prescription or care plan.

Nurse Davis is vested with qualified immunity from Plaintiff's claims as well.

---

[1] As Defendant Davis reads Plaintiff's Amended Complaint, Plaintiff only brings suit under claims arising under 42 U.S.C. § 1983. Insofar as the Court reads any of Plaintiff's claims to arise under state law, this Court should either dismiss them for the reasons stated herein or decline jurisdiction over those claims on that basis.

[2] Separate Defendants Seward County and Sheriff Gene Ward have also filed their motion to dismiss for failure to state a cognizable claim and supporting Memorandum. (ECF Document 79 and Document 80). To the extent applicable to Nurse Angie Davis, she joins that motion and incorporates the County's and Sheriff Ward's memorandum as though fully set forth herein.

## II.    STATEMENT OF FACTS

In the Amended Complaint, Plaintiff incorporates and references the *Martinez* Report of Defendants required by the Court. *See Amended Complaint,* ECF 69, p. 7, ¶ 6. The facts and record contained therein may be considered by the Court without converting this motion to dismiss into a motion for summary judgment. *See Truman v. Orem City*, 1 F.4th 1227, 1237 n. 7 (10th Cir. 2021) (*citing Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).

Plaintiff's Amended Complaint continues to focus on four general sets of incidents.

### a.    December 28, 2022

On December 28, 2022, Plaintiff complained of abdominal pains, and was taken to the Southwest Medical Center Emergency Room in Liberal, Kansas. (ECF 69, p. 8, ¶¶ 15-16). While in the emergency room, he was given an EKG and blood test. (*Id.*). Plaintiff also received a CT scan, which found a normal appendix and normal gallbladder. (ECF 16, p. 2, *Defendants' Martinez Report, Exhibit B to Martinez Report*[3]). Plaintiff had signs of a fatty liver, but no acute abnormalities. (*Id.*).

### b.    February 17, 2023

On February 17, 2023, Plaintiff complained of chest pain and difficulty breathing. (ECF 69, ¶¶ 17-18; ECF 16, p. 3, *Exhibit C to Martinez Report*)[4]. Defendant Davis advised officers to

---

[3] Exhibits A-G, I, and P to ECF 16 were filed under seal. As a result, there is no ECF number associated with them.

[4] Plaintiff disagrees with the course of treatment that he received, but his mere disagreement is not actionable as set forth below and does not controvert the allegations in the *pro se* Amended Complaint and the documented facts of the treatment outlined within the *Martinez* Report. *Stewart v. Norwood*, No. 16-3189-JAR-DJW, 2017 WL 4284971, at *2 n.25 (D. Kan. Sept. 27, 2017) (*citing Hall v. Bellmon*, 935 F.2d 1106, 1112-1113 (where the Court does not use the report to resolve factual issues, the *Martinez* report may properly be considered part of the pleadings for the purposes of a motion to dismiss.): *cf Routt v. Howry*, 834 F. App'x 379, 381 n.3 (10th Cir. 2020) (*Martinez* Report may not be used to *refute* facts specifically pled by plaintiff). Here, the *Martinez* Report and records are relied upon by all parties and are not in dispute. The *Martinez* Report and

administer Benadryl every two hours until symptoms subsided. (ECF 69, ¶ 17). The next morning, Jail staff found Plaintiff unresponsive, not breathing, and were unable to find a pulse. *Id.* Jail staff proceeded to administer CPR. *Id.* EMTs were called to the jail to transport Plaintiff to Southwest Medical Center. *Id.* Plaintiff alleges that neither Benadryl nor CPR were necessary for Plaintiff. *Id.*

### c.    March 28, 2023

On March 28, 2023, Plaintiff received tests at Southwest Medical Center which showed positive signs for Hepatitis-C. (ECF 69, ¶ 19; *see also* ECF 16, p. 3, *Exhibit D to Martinez Report*). Plaintiff visited with Dr. Jabel on the same date and September 12, 2023, at the jail to "confirm ongoing severe abdominal pain, nausea, spider veins in ankle area and severe skin itchiness were in fact symptoms of Hep-C." *Id.* (*See* ECF 16, p. 3, *Exhibit E to Martinez Report*).

### d.    March 24, 2024

On March 24, 2024, Plaintiff was taken to Southwest Medical Center due to severe vomiting, diarrhea and high fever. (ECF 69, ¶ 21; *see also* ECF 16, p. 4, *Exhibit G to Martinez Report*). Plaintiff alleges that he received a sonogram, which allegedly revealed "profound visible scarring and an enlarged liver." (ECF 69, ¶ 22). Following that incident Dr. Riley visited Plaintiff several times. On May 14, 2024, Dr. Riley, after evaluating Plaintiff, made no recommendations or orders for testing or treating Plaintiff's hepatitis-C. (ECF 16, p. 4, *Exh. I to Martinez Report*). Rather, Dr. Riley ordered that Plaintiff maintain his current medication as well as prescribing a medication for diarrhea. *Id.* Plaintiff sent several follow-up requests, stating that his diarrhea had not improved, but was not taking the medication prescribed to him. (ECF 16, pp. 4-5; ECF 16-2,

---

records attached establish all care by Nurse Davis was at Doctor's instructions or by the Doctors themselves as Plaintiff was repeatedly transferred out of the jail to the Hospital.

4

*Exhibit J*; EXF 16-3, *Exhibit K*; and ECF 16-4; *Exhibit L to Martinez Report*). On May 2, 2024, Plaintiff complained of generalized pain, to which Dr. Riley prescribed naproxen. (ECF 16, p. 5; ECF 16-5, *Exhibit M to Martinez Report*). Plaintiff complained that the ibuprofen was not helping, but Dr. Riley, on a follow-up visit on June 4, 2024, did not alter his testing or treatment recommendations; rather, he ordered that Plaintiff maintain his current medication. (ECF 16, p. 5, *Exhibit P to Martinez Report*). Specifically, *Doctor Riley* did not order further evaluation by a 'gastric specialist' and there is no allegation[5] (because there is no factual evidence) Nurse Davis had the ability or authority to ignore Dr. Riley's orders or plan of care. Again, Nurse Davis is not a doctor and cannot order or give medical treatment.

Plaintiff then asserts the simple legal conclusion Nurse Davis was deliberately indifferent to his medical needs in failing to provide treatment for his Hepatitis-C. (ECF 69, ¶ 31). However, the records to which Plaintiff refers simply show the exact opposite. Plaintiff received care and treatment from medical doctors, upon which Nurse Davis relied, at every step of the way.

### III.    ARGUMENTS AND AUTHORITIES

**A.    Standard of Review**

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court assumes as true all well-pleaded factual allegations and views them in the light most favorable to the non-moving party. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011). But, a court is not obligated to accept as true allegations that state only legal conclusions. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiffs must frame the complaint with enough factual substance to support their entitlement to relief. Threadbare recitals, supported by mere conclusory statements,

---

[5] Allegations of negligence or medical malpractice, as Plaintiff alleges herein, do not create an actionable claim under the Eighth or Fourteenth Amendment for deliberate indifference. *Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006) (*citing Perkins v. Kan. Dep't of Corrections*, 165 F.3d 803, 811 (10th Cir.1999)).

fall short of the standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations must "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 570 (2007). If the allegations "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to probable.'" *Robbins v. Oklahoma ex. rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (*quoting Twombly*, 550 U.S. at 570).

**B.      Plaintiff fails to show Deliberate Indifference to any Right or Medical Need.**

Plaintiff's primary argument in support of his deliberate indifference claim is that the treatment plan that doctors placed him on was inadequate given his condition. In other words, Plaintiff requests that the Court not only second-guess the medical judgment of Plaintiff's treating physicians, but also find that Defendant Davis' reliance upon that medical judgment to be unreasonable. That simply is not actionable under the law.

A claim for deliberate indifference to serious medical needs has an objective and subjective element. *Est. of Jensen by Jensen v. Clyde*, 989 F.3d 848, 859 (10th Cir. 2021) (*citing Quintana v. Santa Fe Bd. Of Comm'rs*, 973 F.3d 1022, 1028-29 (10th Cir. 2020)). The objective element considers whether the harm suffered was sufficiently serious. *Id.* A sufficiently serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Mata v. Saiz*, 427 F.3d 745, 753 (10th Cir. 2005) (*citing Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)). By contrast, when the necessity for treatment is not obvious to a lay person, the medical judgment of a physician, even if grossly negligent, is not subject to second-guessing in the guise of an Eighth Amendment claim for deliberate indifference to an inmate's serious medical

6

needs. *Id.* at 751. Likewise, a claim of medical malpractice or negligence plainly does not constitute a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

The subjective element asks whether the defendant "knew that the plaintiff faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it." *Id.* (*quoting Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009)). Thus, a plaintiff must show that a defendant was both "aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists," and she must "draw the inference." *Id.* (*citing Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

It is key here that prison officials, and no doubt jail nurses such as Nurse Davis, may rely on the advice and course of treatment prescribed by medical doctors. *Est. of Beauford v. Mesa Cnty., Colorado*, 35 F.4th 1248, 1265 (10th Cir. 2022) (*citing McRaven v. Sanders*, 577 F.3d 974, 981 (8th Cir. 2009) ("[A] prison official may rely on a medical professional's opinion if such reliance is reasonable."); *Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir. 2006) ("Except in the unusual case where it would be evident to a layperson that a prisoner is receiving inadequate or inappropriate treatment, prison officials may reasonably rely on the judgment of medical professionals."). In other words, a Plaintiff must present evidence of a prison official's culpable state of mind. *Mata*, 427 F.3d at 751. *Pro se* Plaintiff's mere disagreement about the course of treatment, let alone Plaintiff's simple "say so," does not amount to a constitutional violation or deliberate indifference. *Strain v. Regalado*, 977 F.3d 984, 987 (10th Cir. 2020); *See Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) ("a mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment.").

7

Plaintiff has again wholly failed to allege facts to support either the objective or subjective components to establish that Defendant Davis acted with deliberate indifference to Plaintiff's medical treatment. In fact, Plaintiff's own pleading, and direct reference to medical records attached to the *Martinez* Report, show that Defendant Davis responded to all of Plaintiff's medical concerns with treatment she thought most reasonable, and again under the guidance and *orders of the Jail's physicians and Hospital emergency room physicians.* Plaintiff simply disagrees with the treatment provided by Defendant Davis in response to the chest and stomach pain he was experiencing on February 17, 2023, but Plaintiff supplies no factual allegations to show Defendant Davis was acting with deliberate indifference in providing Benadryl to him. Plaintiff similarly cannot show, even if he believes CPR was not the best option at the time of the incident, it was deliberate indifference that these other jail staff members (whose actions Nurse Davis obviously did not control) attempted to save his life. Plaintiff alleges no facts from which any reasonable inference could be drawn that prescribing Benadryl or performing CPR created a substantial risk of serious harm or exacerbated his Hepatitis condition, nor that Defendant Davis drew that inference.

Plaintiff similarly does not allege any facts that he required additional treatment for his Hepatitis-C than what he received. Plaintiff concludes, without factual evidence, that the Defendants ignored the advice of medical doctors. The records alleged in the Amended Complaint (as included in the *Martinez Report*) certainly disprove that argument. Again, however, Plaintiff does not allege what advice was provided, what course of treatment he was denied, or what actions were or were not taken by the medical staff at the jail or outside hospital. The medical records simply do not support any such assertion. Rather, Plaintiff's own Amended Complaint again alleges that, after his diagnosis, Plaintiff received treatment from Dr. Jabel. Plaintiff does not allege

that any of the Defendants deviated from the advice and treatment plans of Dr. Jabel (or any other physicians overseeing his care, for that matter).

Again, Plaintiff may cloak his disagreement with the medical treatment he received as deliberate indifference, but Plaintiff alleges no facts which actually support such an argument. There is simply no fact pleaded to suggest that any Defendant was deliberately indifferent to Plaintiff's medical needs. Argument and bald allegations are not sufficient to overcome entitlement to dismissal. Plaintiff's treatment and care plan was well-documented by Dr. Jabel, Dr. Riley, and the Southwest Medical Center's emergency room doctors. Nurse Davis' reliance on the orders and guidance of these medical professionals, even if Plaintiff believes those professionals were mistaken, does not give rise to a constitutional violation against Nurse Davis. Such reliance was objectively reasonable as a matter of well-established law.

**C.    Defendant Davis is Protected by Qualified Immunity.**

Qualified Immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Because qualified immunity is "the norm," officials enjoy a presumption of immunity. *Lewis v. Tripp*, 604 F.3d 1221, 1225 (10th Cir. 2010) (*quoting Harlow*, 457 U.S. at 807). A plaintiff overcomes the presumption of immunity "by carrying the heavy burden of showing both that (1) the defendant-official in question violated one of his constitutional rights, and (2) the infringed right at issue was clearly established at the time of the allegedly unlawful activity such that 'every reasonable official would have understood that what he was doing' violated the law." *Kerns v. Bader*, 663 F.3d 1173, 1180 (10th Cir. 2011) (*quoting Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

Here, there is no dispute. Plaintiff did not suffer a violation of any clearly established right. Plaintiff's own Amended Complaint alleges that he received medical treatment under the

supervision and orders of physicians in response to all of his medical concerns, as well as routine visits both to Southwest Medical Center and visits at the jail from physicians. Any treatment that he was prescribed was filled by the physicians and carried out by jail staff, including Defendant Nurse Angie Davis. There is simply **no evidence to support the argument that any constitutional violation occurred**. Accordingly, Plaintiff has not alleged material facts that overcome qualified immunity, and dismissal is appropriate.

## IV.    CONCLUSION

Plaintiff fails to allege facts to support any claim for deliberate indifference to his medical needs under the Eighth Amendment. Defendant Nurse Angie Davis respectfully requests that this Court dismiss Plaintiff's Amended Complaint with prejudice, along with awarding her costs and attorney's fees, and for such other and further relief as this Court deems fair and appropriate.

Respectfully submitted,

**FISHER, PATTERSON, SAYLER & SMITH, LLP**

/s/ Christopher L. Heigele

Christopher L. Heigele          KBN 18036
9393 W. 110th, Suite 300
Corporate Woods, Bldg. 51
Overland Park, KS 66210
Telephone:  (913) 339-6757
Facsimile:   (913) 660-7919
cheigele@fpsslaw.com

ATTORNEY FOR DEFENDANT ANGIE DAVIS

## CERTIFICATE OF SERVICE

I hereby certify the above and foregoing was filed with the Court through its electronic filing system on September 18, 2025, with a copy sent to:

Via US Mail:

Michael Ray Scott, #78080
LANSING CORRECTIONAL FACILITY
PO Box 2
Lansing, KS 66043-0002
KDOC_court_file_lcf@ks.gov

Plaintiff Pro Se

Via Electronic mail:

Michelle R. Stewart  #19260
Mayda Stallbaumer #30002
HINKLE LAW FIRM LLC
8711 Penrose Lane, Suite 400
Lenexa, KS 66219
Telephone:  (913) 345-9205
Facsimile:   (913) 345-4832
mstewart@hinklaw.com
mstallbaumer@hinklaw.com

Attorney for Defendant Ward

/s/ Christopher L. Heigele
Attorneys for Defendants

11